UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-21754-CIV-UNGARO/SIMONTON

DEANNA RICCHETTI,

    Plaintiff,

v.

STARFISH BEACH SOUTH, S.A., et al.,

    Defendants.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL

Presently pending before this Court is Plaintiff's Motion To Compel (DE # 61). This motion is referred to the undersigned Magistrate Judge (DE # 62). The motion is fully briefed (DE ## 63, 73). For the reasons stated below, Plaintiff's motion is granted.

**I. Background**

Plaintiff is proceeding under a nine-count First Amended Complaint. In the Amended Complaint, Plaintiff alleges that in June and July 2008, Defendant Gonzalo Lopez-Jordan (hereafter Lopez) told Plaintiff he was the Chief Financial Officer of Defendant Starfish Beach South, S.A. (hereafter Starfish Beach). Lopez advised Plaintiff to invest in Starfish Beach stating that if she invested $540,000.00, she would receive 200 Class B Shares of Starfish Beach, representing a 2% ownership. Plaintiff alleges that Lopez is not the Chief Financial Officer, an officer or a director of Starfish Beach.

On July 15, 2008, in reliance upon Lopez's representations, Plaintiff wired $540,000.00 to the Trust Account of Defendant Richards & Associates, P.A., with an advice that the money was being wired for the purchase of the shares in Starfish Beach. Richards & Associates accepted the wire transfer.

On August 8, 2008, Lopez set a signed letter to Plaintiff stating, in pertinent part,

that the letter was a confirmation that Richards & Associates had received $540,000.00 on her behalf pursuant to the Subscription Agreement of Starfish Beach. Defendant Starfish Holdings, S.A. (hereafter Starfish Holdings) instructed Defendants Timothy Richards and Richards & Associates to deliver the $540,000.00 to Starfish Holdings, and Timothy Richards and Richards & Associates did so, ostensibly pursuant to a custodial agreement between them and Starfish Holdings. Plaintiff alleges there was no custodial agreement between Starfish Beach & Richards and Associates.

However, neither the shares or the bylaws have been tendered to Plaintiff. On March 13, 2009, Plaintiff demanded the return of her $540,000.00 from Lopez. On March 23, 2009, Lopez wrote Plaintiff that the only thing she was missing was her shares. On November 10, 2009, Lopez wrote Plaintiff that the project was in a standstill situation and that he had communicated with Jorge Bruno, the president of Starfish, the necessity to find another exit strategy. Plaintiff alleges that Jorge Bruno is not listed as either an officer or director of Starfish Beach or Starfish Holdings (DE # 45).

Plaintiff alleges: a breach of subscription agreement against Starfish Beach (Count I); a breach of fiduciary duty and negligence against Richards and Richards & Associates (Counts II & III); conversion against Starfish Holdings and Lopez (Count IV); unjust enrichment against Starfish Holdings and Lopez (Counts V and VI); fraud against Lopez (Count VII); and conspiracy against Lopez, Richards, Richards & Associates and Starfish Holdings (Count VIII). Plaintiff also requests rescission based on mutual mistake against Starfish Beach (Count IX) (DE # 45).[1]

---

[1] Plaintiff has obtained Final Default Judgments against Starfish Holdings and Starfish Beach (DE ## 75, 78). Lopez has filed a motion to dismiss the Amended Complaint (DE # 52), which is pending. Richards and Richards & Associates have also filed a motion to dismiss the Amended Complaint (DE # 47), which is also pending.

This motion follows.

II. <u>The Motion To Compel</u>

In Request 3, Plaintiff requested the bank statements of the Trust Account of Richards & Associates, P.A. for the period from July 1, 2008 through December 1, 2008 and in Request 4, all bank statements of Richards & Associates, P.A. for the period from July 1, 2008 through December 1, 2008 (DE # 61 at 2, 5).  Richards & Associates objected to the request on the grounds of overbreadth, attorney-client privilege, relevance in that it sought confidential information relating to clients not parties to this lawsuit, and relevance because the documents were not related to the allegations of conspiracy and breach of fiduciary duty against Richards & Associates (DE # 61 at 2, 5-6).

Plaintiff contends that the requested documents are relevant because they may show what happened to the $540,000.00 which she wired to Richards & Associates.  She also submits that these documents are not subject to attorney-client privilege, and that, in any case, Richards & Associates has not submitted the required privilege log (DE # 61 at 2-6).

Richards & Associates responds that it has produced to Plaintiff a copy of all of its Trust Account records relating to transactions involving Starfish Holdings and Starfish Beach, including the receipt of Plaintiff's $540,000.00 and disbursements to Starfish Holdings (DE # 63 at 2; Ex. A to DE # 63).  Richards & Associates also contends that it was objecting to producing confidential and attorney-client privileged information relating to clients not parties to this lawsuit, and notes that Plaintiff has said she would not object to Richards & Associates redacting unrelated entries in the documents as long as it filed a detailed privilege log regarding the redacted entries (DE # 63 at 2-3).  Richards & Associates contends that a privilege log would serve no purpose, as it would

3

reveal the identities of Richards & Associates' clients and the nature of the financial transaction involving the legal matters of those clients (DE # 63 at 3).  Richards & Associates also objects to producing its own bank statement because the request is also overbroad and calls for irrelevant and attorney-client privileged information (DE # 63 at 4).  Richards & Associates states that there is no allegation that its own bank account was used in the alleged transactions in this case, only that the Trust Account was used, and that its bank statements will not show any transactions relating to Starfish Beach and/or Starfish Holdings (DE # 63 at 4-5).

In reply, Plaintiff differentiates between the Trust Account ledger records produced by Richards & Associates and the bank statements of the Trust Account, which Plaintiff requested (DE # 73 at 1-2).  Plaintiff contends that it is entitled, for example, to see if Richards & Associates carried out the specific instructions which Plaintiff wired with the $540,000.00, and to see in the bank statements where the money went.  Plaintiff also states that a privilege log would allow the Court and Plaintiff's counsel to determine if any redacted entries on the bank statements are related to the subject matter of this action (DE # 73 at 2).  Plaintiff also argues that copies of Richards & Associates' bank statements are relevant as back-up documents to the Ledger Entries already produced by Richards & Associates (DE # 73 at 2-3).

III.  Analysis

Plaintiff's motion is granted.  On or before January 7, 2011, Richards & Associates must produce to Plaintiff all of the requested documents, that is, all bank statements of the Trust Account of Richards & Associates, P.A. for the period from July 1, 2008 through December 1, 2008 and all bank statements of Richards & Associates, P.A. for the same period.  It is clear that these documents are relevant.  Richards & Associates

agrees that some information contained in the bank statements of the Trust Account of Richards & Associates, P.A. for the period from July 1, 2008 through December 1, 2008 is relevant (DE # 63 at 1-2).  Richards & Associates also states that its own bank account contains a fee from Starfish Holdings for its custodial service as well as wire fees in the amount of $4,975.34 (DE # 63 at 4).  Thus, it is clear that at least some information contained in the bank statements of Richards & Associates, P.A. for the period from July 1, 2008 through December 1, 2008 is relevant.

Richards & Associates may redact these documents, but if it does, it must provide a detailed privilege log so that it can be determined if any of the redacted entries are related to the subject matter of this case.  The undersigned notes that it is difficult to see how bank statements alone contain privileged information.  However, to the extent that they do contain confidential information, that information will be protected from unnecessary dissemination.  Plaintiff shall not disclose that information or use it for any other purpose than in the present litigation.

Therefore, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff's Motion To Compel (DE # 61), is **GRANTED**.  On or before January 7, 2011, Richards & Associates shall provide Plaintiff with all bank statements of the Trust Account of Richards & Associates, P.A. for the period from July 1, 2008 through December 1, 2008 and all bank statements of Richards & Associates, P.A. for the same period.  Richards & Associates may redact these documents, but must provide a detailed privilege log so that it can be determined if any

of the redacted entries are related to the subject matter of this case.  Plaintiff shall not disclose the bank statements and/or information contained therein or use it for any other purpose except in connection with this case.

**DONE AND ORDERED** in chambers, in Miami, Florida, on December 27, 2010.

_____
**ANDREA M. SIMONTON**
**UNITED STATES MAGISTRATE JUDGE**

Copies furnished to:
The Honorable K. Michael Moore,
 United States District Judge
All counsel and parties of record